UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID WISHNESKI,

        Plaintiff,

v.                                     Case No.  5:06-cv-148-Oc-10GRJ

OLD REPUBLIC INSURANCE COMPANY, a
foreign corporation,

        Defendant.
_____/

## <u>ORDER</u>

Pending before the Court is Defendant's Motion For Costs Under Rule 41(d),
Federal Rules Of Civil Procedure And For Stay Pending Payment Of Costs With
Incorporated Memorandum Of Law. (Doc. 9). Plaintiff has filed a memorandum of law in
opposition and, therefore, this matter is ripe for review. (Doc. 12). For the following
reasons, Defendant's Motion For Costs Under Rule 41(d) is due to be **GRANTED** with
regard to its request for costs and is due to be **DENIED** with regard to its request for
attorney's fees as part of the cost award. Furthermore, Defendant's Motion For Stay
Pending Payment Of Costs is due to be **DENIED without prejudice** to Defendant's
right to request a stay in the event costs have not been paid after the costs have been
determined and awarded.

## I. <u>Background</u>

This is an action for declaratory judgment and breach of contract, filed by an
owner of a private aircraft, against Defendant Old Republic Insurance Company for

insurance benefits relating to coverage provided to Plaintiff under an aircraft insurance policy, which allegedly covered property damage to Plaintiff's aircraft.

The dispute between the parties began on July 25, 2005 when Plaintiff filed a complaint in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County seeking declaratory relief against Defendant for failing to afford coverage for property damage to Plaintiff's aircraft as a result of an incident with the aircraft that occurred on December 16, 2004. Defendant removed the case to the United States District Court for the Southern District of Florida on October 17, 2005.[1] Approximately one month later, on November 21, 2005 - and prior to any discovery being conducted - the parties filed a Stipulation of Dismissal.[2] The Stipulation provides in relevant part that, "[i]t is further stipulated that if Plaintiff should later re-file his claim against Defendant, Defendant may then seek recovery of its costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure or Rule 1.420(d) of the Florida Rules of Civil Procedure." An order of dismissal was entered on November 22, 2005 by the United States District Judge Paul C. Huck.

On December 2, 2005, Plaintiff filed another civil action - this time in the Circuit Court for the Fifth Judicial Circuit Court in and for Lake County - seeking a declaratory judgment for construction and interpretation of the same insurance policy for physical damage to the same aircraft involving the same incident as that alleged in the civil action in the case which was dismissed in the Southern District of Florida. The

---

[1] Case No. 05-22724-CIV-HUCK.

[2] Doc. 9, Attachment 3.

Complaint also includes a claim for breach of the insurance contract with regard to the same claim that formed the basis of the previously dismissed suit. Defendant removed the case to this Court. Defendant now requests that the Court award it the costs and reasonable attorney's fees it incurred in the previously dismissed action and that the Court stay these proceedings pending payment by Plaintiff of Defendant's costs and attorney's fees.

## II.  Discussion

### A.  *Defendant's Entitlement to "Costs" Under Fed. R. Civ. P. 41(d)*

Pursuant to Fed. R. Civ. P. 41(d), if a plaintiff dismisses an action in any court and later commences another action with the same claim against the same defendant, that court may require the plaintiff to pay the costs of the prior action before proceeding with the later action. Generally, the imposition of costs is vested in the discretion of the trial court.[3]

In the instant case, there is no dispute that the case involves the identical subject matter as that involved in the previously dismissed action. Plaintiff seeks a declaration that Defendant is obligated to provide coverage for the property damage to Plaintiff's aircraft that occurred on December 16, 2004 and damages as a result of Defendant's failure to pay under the insurance policy for the property damage to the subject aircraft. This is the same claim - other than the addition of a cause of action for breach of

---

[3] Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 n. 2 and 1260 (11th Cir. 2001). Additionally, other judges in the Middle District of Florida have recognized the authority to impose the costs of a previous action against the plaintiff where the plaintiff refiles the same action.  U.S. Nineteen, Inc. v. Orange County, 1999 WL 1336066 (M.D. Fla. Nov. 9, 1999); Der v. E.I. Dupont de Nemours & Co., 142 F.R.D. 344 (M.D. Fla. 1992).

contract - involved in the declaratory judgment action filed in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Plaintiff argues that the Court has broad discretion to mandate the payment of costs under Rule 41(d) and that the Court should not do so in this case because the rule "is intended to serve as a deterrent to forum shopping and vexatious litigation."[4] Moreover, Plaintiff suggests that Defendant should be required to show bad faith on the part of the Plaintiff for the initial dismissal as a condition to the imposition of costs. The Court disagrees.

An award of Rule 41(d) costs is not limited to cases of forum shopping and vexatious litigation nor does it require an act of bad faith. Contrary to Plaintiff's position, nothing in the language of Rule 41(d) suggests that a defendant must show "bad faith" in order for a Court to award payment of costs to the defendant after a plaintiff refiles a previous action. Rather, a court, in its discretion, should assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the facts surrounding the case justify an award of costs to prevent prejudice to the defendant.[5]

The instant case does not simply involve a situation where a party has filed a motion for costs under Rule 41(d) after the action was refiled, but rather involves a situation where the parties have entered into a stipulation of dismissal in the previous case that authorizes Defendant to file a motion for costs under Rule 41(d) in the event

---

[4] Relying on Simeone v. First Bank National Association, 125 F.R.D. 150, 153-54 (D. Minn. 1989), and United Transportation Union v. Maine Central Railroad Co., 107 F.R.D. 391, 392 (D. Me. 1985), Plaintiff contends that the Court should only award Rule 41(d) costs if the Court finds that Plaintiff refiled in this Court for the purpose of gaining an unfair and tactical advantage over the Defendant.

[5] Esquivel v. Arau, 913 F.Supp. 1382 (C.D. Cal. 1996); see supra note 3 and accompanying text.

the Plaintiff, as here, should refile an action on the same claim. Plaintiff has done so, and the Court sees no reason why the Court should not uphold the agreement between the parties.

**B.  *"Attorneys' Fees" under Fed. R. Civ. P. 41(d)***

Turning to the issue of whether Plaintiff should be ordered to pay attorney's fees as part of the award of costs, Plaintiff argues that he should not be assessed attorney's fees because the plain language of Rule 41(d) fails to specifically provide for attorneys's fees. According to Plaintiff, because "Congress knew how to provide for attorneys' fees .. Congress' failure to so provide in Rule 41(d) suggests that attorney's fees are not to be considered as part of costs for purposes of a Rule 41(d) motion."

There is, however, little guidance on this issue in the Eleventh Circuit. The parties have not cited - and through its independent research the Court has not found - any Eleventh Circuit precedent expressly addressing the issue of whether attorneys' fees can be awarded as part of costs under Rule 41(d). Consequently, the Court must look to other circuit and district courts for guidance.

At least one Circuit Court of Appeals has followed the view that attorney's fees are not available under Rule 41(d). In *Rogers v. Walmart* the Sixth Circuit held that attorney fees are not available under Rule 41(d) for the simple reason that "[t]he rule does not explicitly provide for them."[6] The *Rogers* court observed that "Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and

---

[6] 230 F.3d 868, 875 (6th Cir. 2000).

not left the courts guessing."[7] Because there is a difference between the terms costs and attorney's fees the *Rogers* court concluded that "[w]e must assume that Congress was aware of the distinction and was careful with its words when it approved Rule 41(d)."[8] This view also has been followed by some district courts as well.[9]

While the rationale discussed by these courts supports Plaintiff's view in this case, application of this principle to a situation, as here, where the Court is interpreting a Rule of Civil Procedure, as opposed to a situation where the Court is interpreting a statute drafted and enacted by Congress undermines to some degree the rationale for the conclusion that attorney's fees cannot be awarded under Rule 41(d).[10] Accordingly, while *Rogers* directly supports the proposition advanced by Plaintiff - that attorney's fees should not be included as part of an award of costs under Rule 41(d) - there are a number of other courts that have upheld an award of attorney's fees as part of an award of costs under Rule 41(d) even though the Rule does not expressly include the words "attorney's fees."[11]

---

[7] *Id.*

[8] *Id.*

[9] *See,* Simeone v. First Bank National Association, 125 F.R.D. 150, 155 (D. Minn. 1989); Lawson v. Toney, 169 F.Supp. 2d 456, 466 (M.D. N.C. 2001).

[10] The Federal Rules of Civil Procedure are promulgated under the authority of the Supreme Court. 28 U.S.C. § 2072 *et seq.* The Judicial Conference of the United States acting through The Committee on Rules of Practice and Procedure and the Advisory Committee on the Federal Rules of Civil Procedure prepares and submits the draft of the proposed rules to the Supreme Court, which in turn sends the proposed rules to Congress. If Congress does not veto the Rules by December 31 of the year in which they are submitted the Rules become law.

[11] Meredith v. Stovall, 216 F.3d 1087 (10th Cir. 2000); Esquivel, 913 F.Supp. at 1386; Evans v. Safeway Stores, Inc., 623 F.2d 121, 121-22 (8th Cir. 1980); Esposito v. Piatrowski, 223 F.3d 497 (7th Cir. 2000); Katen v. Katen, 1998 WL 721092 (E.D. N.C. March 4, 1998); Behrle v. Olshansky, 139 F.R.D. 370 (W.D. Ark. 1991); Whitehead v. Miller Brewing Co., 126 F.R.D. 581 (M.D. Ga. 1989); Eager v. Kain, 158 F. Supp. 222 (E. D. Tenn. 1957).

For example, the Tenth Circuit, in *Meredith*,[12] and the Eighth Circuit, in *Evans*,[13] both affirmed the trial courts' awards of attorneys' fees finding no abuse of discretion.[14] However, neither case is particularly instructive in that *Meredith*, an unpublished opinion and *Evans*, a *per curiam* opinion, merely stand for the principle that it is not an abuse of discretion for the trial court to award attorney's fees as part of an award of costs under Rule 41(d)..

The Seventh Circuit, in *Esposito*,[15] upheld the trial court's inclusion of attorney's fees as part of costs under Rule 41(d) based on the rationale that a party may recover attorneys' fees as part of costs where the underlying statute defines costs to include attorneys' fees. Although the Court in *Esposito* discussed its interpretation of Rule 41(d) it ultimately affirmed on the basis that the trial court had not abused its discretion.

On the trial court level, as well, several courts that have considered the issue of whether to award attorney's fees under Rule 41(d) have done so.[16] While there is no bright line rule that emerges from any of these cases, the common denominator in those cases - at least in those cases where the Court has discussed the underpinnings for its authority to award attorney's fees under Rule 41(d) - appears to be that the Plaintiffs,

---

[12] 216 F.3d 1087.

[13] 623 F.2d 121.

[14] " Meredith, 216 F.3d at 1087(The purpose of the rule is to prevent the maintenance of vexatious law suits...") (quoting United Transportation, 107 F.R.D. at 392).; Evans, 623 F.2d at 121-22.

[15] Esposito, 223 F.3d at 500-01.

[16] See, e.g., Whitehead v. Miller Brewing Co., 126 F.R.D. 581 (M.D. Ga. 1989)(awarding attorney's fees under Rule 41(d)); Behrle v. Olshansky, 139 F.R.D. 370 (W.D. Ark. 1991)(awarding attorney's fees under Rule 41(d)); Eager v. Kain, 158 F.Supp. 222, 223 (E.D. Tenn. 1957; and Esquivel, 913 F.Supp. 1382.

there, exhibited some measure of bad faith, or repetitive and vexatious conduct in refiling the action.

The most instructive analysis for awarding attorney's fees as part of a cost award under Rule 41(d) is found in *Esquivel*.[17] In *Esquivel*, the district court for the Central District of California concluded that attorney's fees would be appropriate to include in the award of Rule 41(d) costs where the defendant undertook unnecessary expenditures in litigating the previous law suit, such as the situation where the defendant had filed a lengthy motion to dismiss only to have it answered by a voluntary dismissal and the refiling of the case elsewhere.[18]

In finding that costs under Rule 41(d) include attorney's fees, the *Esquivel* court first addressed the "American Rule" which recognizes "that, absent express statutory authority, bad faith or wilful disobedience of a court order, each party should bear the costs of its own attorneys' fees."[19] The *Esquivel* court then proceeded one step further and proposed applying the "bad faith" exception to Rule 41(d) costs where a party has incurred unnecessary expenditures due to vexatious conduct in the course of litigation.[20]

The Court finds highly instructive the reasoning of the *Esquivel* court. The Court agrees that the plain language of Rule 41(d) is permissive, and allows the Court to award costs, as well as attorney's fees, in its discretion. Moreover, consistent with *Esquivel*, the Court concludes that the Court should exercise its discretion to award

---

[17] 913 F.Supp. 1382.

[18] Id. at 1391.

[19] Id. at 1388 (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259-60, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)).

[20] *Id.* at 1391.

attorney's fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith.

That is not the situation in this case. Here, there is no showing that Plaintiff acted in bad faith in refiling the case or that Plaintiff's claims were refiled for any vexatious purpose. To the contrary, it is undisputed no discovery had been taken in the case previously filed and dismissed in the Southern District of Florida nor had there been any substantial motion practice initiated by the Plaintiff. Notably, the case was dismissed just one month after Plaintiff filed the complaint. For these reasons, the Court concludes that there is a complete absence of any showing of bad faith or vexatious conduct on the part of the Plaintiff when he dismissed the first action and refiled the claim in Lake County.

Accordingly, because of the absence of any showing of bad faith on the part of Plaintiff in refiling this action, the Court is unwilling to exercise its discretion to include an award of attorney's fees as part of its award of costs to Defendant under Rule 41(d) costs.

### C.  *Stay of Proceedings*

Lastly, Defendant also requests the Court to stay these proceedings until Plaintiff has paid the costs. Rule 41(d), provides in relevant part that the Court "[m]ay stay the proceedings in the action until the plaintiff has complied with the order [awarding costs]." Due to the fact that the previously dismissed action was dismissed only one month after it was filed the Court assumes that the costs incurred by Defendant, if any, are not substantial. For this reason, the Court declines to exercise its discretion to stay the

proceedings pending payment of costs. However, once the costs have been determined and awarded as provided in this order, in the event Plaintiff does not promptly pay such costs to the Defendant, the Defendant may file a motion at that time requesting that the Court stay the action pending payment of the costs awarded by the Court.

### III.  Conclusion

For the foregoing reasons, Defendant's request for an award of costs is **GRANTED.** So that the Court can determine the costs, if any, incurred by Defendant in the previously dismissed action, Defendant is directed to file within **ten (10) days** of this Order an affidavit and appropriate evidence detailing the costs incurred in the action previously dismissed. Plaintiff shall have **ten (10) days** thereafter to file a response. The Court will then issue an order as to the appropriate amount of costs to be awarded or, if necessary, conduct further proceedings.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 10, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel